IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2007 MAR -9  P 2:31

CLERK'S OFFICE
AT BALTIMORE

BY____ DEPUTY

| | | |
|---|---|---|
| RICHARD AND MARION SNYDER | : | Bankruptcy Case No. 99-53312 |
| Appellants | : | |
| | : | |
| v. | : | Civil No. L-06-331 |
| | : | |
| INTERNAL REVENUE SERVICE | : | |
| Appellee | : | |

**MEMORANDUM**

Richard and Marion Snyder ("the Snyders"), acting pro se, have filed numerous bankruptcy appeals.[1] In this appeal, the Snyders challenge the Bankruptcy Court's July 13, 2005 order denying a motion for reconsideration that they had filed. For the reasons stated below, the Court will, by separate Order, AFFIRM the Bankruptcy Court's order and DIRECT the Clerk to CLOSE the case.

I.     Background[2]

On March 15, 1999, the Snyders filed a voluntary Chapter 13 Petition in Bankruptcy in the United States Bankruptcy Court for the District of Maryland (Bankruptcy Case No. 99-53312). Shortly thereafter, the Internal Revenue Service ("IRS") filed a proof of claim for the Snyders' unpaid taxes.

---

[1] Since 2003, the Snyders have filed at least 13 bankruptcy appeals in this Court. (See Civil Nos. L-03-1261, L-03-1539, L-03-1840, L-03-1841, L-03-1868, L-04-1123, L-04-1797, L-04-3132, L-06-330, L-06-331, L-06-1861, L-06-2138, and L-07-255.)

[2] The factual and procedural history of the Snyders' bankruptcy case and various adversary proceedings is complicated. Accordingly, the Court does not discuss it in its entirety. Rather, the background section herein discusses events relevant only to the issues presented in this instant appeal. For more information regarding the Snyders' bankruptcy case and adversary proceedings, please see the Court's Memoranda and Orders in the above-listed bankruptcy appeals.

Approximately six years later, on March 10, 2005, the Snyders filed a motion under Fed. R. Civ. P. 60(b)(3)[3] requesting the Bankruptcy Court to reconsider its allowance of the IRS's proof of claim. The Snyders claimed that reconsideration was warranted because of misconduct by the IRS. Specifically, they argued that the IRS's proof of claim included a penalty for the Snyders' failure to file their 1988 tax return on time. (Bankruptcy Case No. 99-53312, Docket No. 159). The Snyders stated that although the penalty was later abated, the IRS did not remove the penalty from its proof of claim, and it filed liens with respect to the penalty.[4] In a marginal order entered on June 9, 2005, Bankruptcy Judge Stephen E. Derby denied the Snyders' motion for reconsideration, stating: "There is no error. The issues raised have already been decided." (Bankruptcy Case No. 99-53312, Docket No. 166.)

On June 20, 2005, the Snyders filed a Rule 60(b) motion titled, "Relief from Judgment or Order," in which they asked Judge Derby to reconsider his June 9, 2005 marginal denial of their first motion for reconsideration.[5] The Snyders claimed that reconsideration was warranted "in view of the fact that the issues subject to the order have not, in fact, been previously contested, nor addressed by the court." (Bankruptcy Case No. 99-53312, Docket No. 168). The Snyders

---

[3] The Federal Rules of Bankruptcy Procedure specifically provide that Rule 60 of the Federal Rules of Civil Procedure applies in bankruptcy cases. See Fed. R. Bankr. P. 9024. Rule 60(b)(3), upon which the Snyders relied, states that the court may "relieve a party . . . from a final judgment, order, or proceeding for . . . fraud . . . , misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3).

[4] In 2000, the Snyders filed a lawsuit against the United States for damages resulting from the IRS's alleged failure to release the tax liens. In an Order dated February 6, 2001, this Court dismissed the Snyders' complaint for failure to state a claim. (Snyder v. United States, Civil No. L-00-3021).

[5] Although the Snyders stated that their motion was filed pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, that rule, as the Court has explained, incorporates Rule 60 of the Federal Rules of Civil Procedure.

requested a hearing on their motion.

In a marginal order entered on July 13, 2005, Judge Derby denied the Snyders' second motion for reconsideration, stating: "The court does not believe a hearing was necessary to assist the court in reaching a correct decision." (Bankruptcy Case No. 99-53312, Docket No. 172.)

The Snyders then filed the instant appeal of Judge Derby's July 13, 2005 marginal order. Under Bankruptcy Rule 8006, the Snyders were required, within ten days after filing their notice of appeal, to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented. The Snyders did not comply. Accordingly, on February 13, 2006, the Court ordered them to show cause why their appeal should not be dismissed.

The Snyders filed a timely response to the show cause order, asking the Court to "postpone" the instant appeal until the Bankruptcy Court could carry out a remand order that this Court had entered in an earlier appeal. That earlier appeal concerned the Snyders' adversary proceeding against the IRS, in which the Snyders had asked the Bankruptcy Court to determine their tax liabilities for 1988 and 1989. In that appeal, this Court ruled that the IRS's assessment for the Snyders' 1988 tax was invalid, and the Court remanded the case to the Bankruptcy Court for further proceedings. (See Snyder v. Internal Revenue Service, Civil No. L-03-1539 (Docket Nos. 27, 28).)

The Snyders stated in their show cause response that if the Court did not stay the instant appeal pending the outcome of the remand proceedings in their adversary case, then they had no material to designate from the lower court and would request only that the Court determine whether the Bankruptcy Court denied them due process in failing to hold a hearing regarding their second motion for reconsideration. Although the Bankruptcy Court issued its order on

remand in the adversary case on October 30, 2006, the Snyders have not filed anything else in support of the instant appeal.

II.     Analysis

The Court reviews the denial of a Rule 60(b) motion for reconsideration under an abuse of discretion standard.[6] The appeal does not raise the merits of the underlying decision of which the appellant sought reconsideration.[7] In this case, that means that the following issues are not before this Court: (i) whether the Bankruptcy Court properly accepted the IRS's proof of claim, and (ii) whether the Bankruptcy Court properly denied the Snyders' first motion for reconsideration. Rather, the Court considers only whether the Bankruptcy Court abused its discretion in denying the second motion for reconsideration.

The Court finds that there was no abuse of discretion. In their second motion for reconsideration, the Snyders simply disagreed with the Bankruptcy Court's statement that it had previously decided the issues raised in their initial motion for reconsideration. The Snyders offered no explanation for their disagreement and failed to demonstrate any grounds that would have entitled them to relief under Rule 60(b).

Although the Snyders have not filed a statement of issues, designation of items, or a brief in

---

[6] See Browder v. Director, Dep't of Corr., 434 U.S. 257, 263 n.7 (1978) (stating that denial of motion for reconsideration is reviewed for abuse of discretion); In re Tennant, 318 B.R. 860, 866 (B.A.P. 9th Cir. 2004) (reviewing bankruptcy court's denial of Rule 60(b) motion for reconsideration for abuse of discretion); In re Wilson, 248 B.R. 745, 748 (M.D.N.C. 2000) (stating that a bankruptcy court's decision on Rule 60 motion for reconsideration is reviewed for abuse of discretion.)

[7] See Browder, 434 U.S. at 263 n.7 ("[An] appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.").

support of their appeal, it would be futile to provide them the opportunity to do so. The Snyders stated in their show cause response that they had no material to designate and that the only issue that they wanted the Court to address was whether the Bankruptcy Court denied them due process by failing to hold a hearing on their second motion for reconsideration. Although the Snyders suggested that they would have arguments to make once the Bankruptcy Court had resolved the issues on remand in the adversary proceeding, this appeal does not touch upon the merits of the IRS's proof of claim or any of the issues that this Court remanded to the Bankruptcy Court in the adversary case. Accordingly, the Bankruptcy Court's rulings on remand are immaterial to the instant appeal.

Regarding their due process argument, the Snyders offer no support for their bare contention that the Bankruptcy Court was required to hold a hearing before denying their second motion for reconsideration. Contrary to the Snyders' position, the Local Rules of the Bankruptcy Court specifically state that "a motion can be decided on the pleadings and memoranda filed." Bankruptcy L.R. 9013-1. Accordingly, the Court rejects the Snyders' argument.

### III. Conclusion

For the foregoing reasons, the Court will, by separate Order,

(i)   AFFIRM the Bankruptcy Court's order, and

(ii)  DIRECT the Clerk to CLOSE the case.

Dated this  8TH  day of March, 2007

Benson Everett Legg
Chief Judge